# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas                    Attention: Abner A. Lewis

Dear Sir:                        Opinion No. O-4842
                                 Re: One corporation may own
                                     stock of another corpora-
                                     tion under facts presented.

        Your letter of September 16, 1942, with enclosures
reveals the following fact situation:

        Lone Star Gas Corporation, a Delaware holding company,
and its subsidiaries, Lone Star Gas Company, a Texas corpora-
tion, Community Natural Gas Company, a Delaware corporation,
Texas Cities Gas Company, a Texas corporation, The Dallas Gas
Company, a Texas corporation, and Lone Star Gasoline Company,
a Delaware corporation, propose to consolidate the respective
properties, dissolve their respective charters and create two
new Texas corporations possessed of the assets of all the old
corporations.  The two new Texas corporations are identified
as corporations "A" and "B," although it is proposed that cor-
poration "A" will be named "Lone Star Gas Company," and that
corporation "B" will be named "Lone Star Producing Company."
Corporation "A" will incorporate under subdivision 36 of Arti-
cle 1302, Vernon's Annotated Civil Statutes, as amended, and
will own and operate all of the transmission and distribution
properties of the present system.  Corporation "A" will not
engage directly in the oil and gas producing business but it
is proposed that it will own and hold the stock of corporation
"B" which is likewise to be incorporated under subdivision 36
of Article 1302, V. A. C. S.

        Based upon such fact situation, you propound the
question:

        "Can Corporation A, which will be chartered
        under subdivision 36 of Article 1302, and which
        will engage in the purchase, transmission and
        distribution of natural gas to the general public,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

own and hold the stock of Corporation B, which will also be chartered under subdivision 36 of Article 1302 and which will engage in the oil and gas producing business, it being understood that Corporation A will not itself directly engage in the oil and gas producing business, but will engage therein indirectly through its ownership of the stock of Corporation B?"

Subdivision 36 of Article 1302, V. A. C. S., as amended by Acts of 1935, Forty-fourth Legislature, Page 296, Chapter 110, reads:

"Article 1302 - Purposes - The purposes for which private corporations may be formed are:

"* * *

"36. To store, transport, buy and sell oil, gas, salt, brine and other mineral solutions and liquified minerals; also sand and clay for the manufacture and sale of clay products."

We held in our Opinion No. 0-3003 that the rights, benefits and privileges conferred by Chapter 15, Title 32, V. A. C. S., could be adopted by those corporations chartered or holding a foreign permit under subdivision 36 of Article 1302, supra.

Article 1502, V. A. C. S., contained in Chapter 15, supra, affords one of such rights and privileges and it is to this article to which we must look for the answer to the specific question before us. It reads:

"In lieu of engaging directly in the oil and gas producing business in any State or country, a corporation organized under this chapter and authorized to engage in said producing business may own the stock of other corporations engaged therein, provided that it shall not own the stock of more than one producing corporation, or one pipe line corporation, organized under the laws of this or any other single State. No corporation organized in any other state or country shall be permitted to own or operate oil

pipe lines or engage in the oil producing business in this State when the stock of such corporation is owned in whole or in part by a corporation organized under this chapter."

There is no question but that a corporation created under subdivision 36, supra, has the right to engage in the oil and gas producing business. Article 1499 also contained in Chapter 15 expressly confers such rights.

It is our opinion that the proposed corporation "A" "in lieu of engaging directly in the oil and gas producing business" may own stock of the proposed corporation "B."

We are returning the instruments submitted with your letter of request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:KP

ENCLOSURE

APPROVED SEP 30 1942

ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE BY CHAIRMAN